**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

| | |
|---|---|
| MONIQUE DOSS | |
| NADIA HARRIS | PLAINTIFFS |
| V. | CASE NO. 4:09CV38 |
| NPC INTERNATIONAL, INC. | |
| A&D MANAGEMENT CO., LLC | |
| SHANE BROWN | DEFENDANTS |

**ORDER**

This cause comes before the court on the motion of plaintiffs, Monique Doss and Nadia Harris, to remand the instant suit to state court.

Doss and Harris brought suit against defendants NPC International, Inc. ("NPC"), A&D Management Co., LLC ("A&D"), and Shane Brown, in Leflore County Circuit Court. Doss, Harris, A&D, and Brown are all Mississippi residents. NPC is a Kansas resident.

Defendants NPC and Brown removed the action to this court. Plaintiffs seek remand asserting that A&D did not join the removal petition and that complete diversity between the parties does not exist.

Defendants respond that A&D was not required to join the removal petition because it had not been properly served at the time of removal and it was improperly joined in this action. Further defendants assert complete diversity exists because both A&D and Brown are improper defendants.

Title 28 section 1446(a) of the United States Code requires all defendants to join a notice of removal. However, under Fifth Circuit law a party only has to join a removal petition within

thirty days of being served with process. *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988). A&D has not been served with process or made an appearance in this matter. As such the removal notice is not defective simply because A&D has not joined it.

The court next addresses the questions of complete diversity and improper joinder.

In a case that "involves more than on plaintiff and more than one defendant, the court must be certain that all plaintiffs have a different citizenship from all defendants." *Id*. at 1258 (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). The Fifth Circuit has recognized two ways for defendants to establish improper joinder used to defeat diversity jurisdiction: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).

In the instant case defendants argue plaintiffs can not establish a cause of action against the non-diverse parties in state court. This requires "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).

> A court may resolve th[is] issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaint has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may in its discretion, pierce the pleadings and conduct a summary inquiry.

*Id.*

In this case defendants assert A&D is not a proper defendant because it does not actually

own the Pizza Hut at the center of the controversy. Defendants assert Brown is not a proper defendant because he was not involved in the incident in question and the complaint fails to lay out sufficient facts to state a claim against him.

The court first addresses the assertion that no claim against Brown has been stated in the complaint. Such assertions fall under the Rule 12(b)(6) standard. While a complaint attacked by at Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 127 S.Ct. 1955, 1964-65, 167 L..Ed. 2d. 929 (2007)(internal citations omitted). In order to survive a motion to dismiss, the plaintiff, while not required to provide a heightened fact pleading of specifics, must plead enough facts in the complaint to state a claim for relief that is plausible on its face. *Id*. at 1974. . . . [O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 1969.

The complaint alleges Brown is liable because he is the manager of the restaurant where the plaintiffs got sick. An employee with no link to the events that caused an injury can not be liable for the events. The court can imagine no cause of action under which Brown would be liable and plaintiffs fail to offer citation to any such cause. The allegations against Brown can not survive even the most deferential review.

Next the court addresses the claim against A&D. Again the basic concepts are simple. Plaintiffs assert A&D owns the Pizza Hut in question and is vicariously liable for their injuries. This is an allegation for which liability might attach. *See Richardson v. APAC-Mississippi, Inc.*, 631 So.2d 143 (Miss. 1994) (explaining the basic concept of *respondeat superior* liability).

However, this is the type of rare case that requires the court to look beyond the pleadings

and examine summary judgement type evidence because of fraud in the pleadings. The fact is A&D does not own the Pizza Hut franchise where the plaintiffs ate. It is irrational to allow Doss and Harris to assert false facts for the purpose of preventing federal jurisdiction. Whenever plaintiffs make such an attempt it is proper for courts to consider summary judgment type evidence in order to search for the truth.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

Here there is no doubt that A&D is entitled to a judgment as a matter of law. The court has been provided with multiple sources of documentation showing that A&D is not connected to the business at the center of this suit. Plaintiffs have been given the opportunity to rebut that evidence and have offered nothing.

Brown and A&D are improperly joined in this matter. Their citizenship does not count towards the jurisdiction determination. The real suit is between two Mississippi plaintiffs and a Kansas corporation. This is exactly the complete diversity contemplated by the diversity

jurisdiction statute.

Plaintiffs motion [8] for remand is DENIED.

This the 27th day of January, 2010.

                                            **/s/ MICHAEL P. MILLS**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**
                                            **NORTHERN DISTRICT OF MISSISSIPPI**