IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MONIQUE DOSS and
NADIA HARRIS

VS.                                            CIVIL ACTION NO. 4:09CV38-MPM-DAS

NPC INTERNATIONAL, INC., ET AL.

## ORDER

This matter is before the court following an order to show cause entered by this court on May 4, 2010 pursuant to Rule 11(c)(3) of the Federal Rules of Civil Procedure. Plaintiffs' counsel has responded to that order, and after considering the response as well as the defendants' motion for sanctions and attorney's fees the court finds as follows:

## I. BACKGROUND

The present action arises out of events that allegedly took place on January 18, 2009. The plaintiffs claim that on that date they ate at the defendant's Pizza Hut Restaurant in Greenwood, Mississippi and subsequently became ill as a result. Suffice it to say the defendants vehemently deny these allegations. Nevertheless, following these events, Monique Doss and Nadia Harris filed an action against NPC International, Inc., A & D Management Co., LLC d/b/a Pizza Hut, and Shane Brown in the Circuit Court of Leflore County, Mississippi. Arguing improper joinder of the Mississippi residents, A & D Management Company, LLC and Shane Brown (a manager of the Greenwood Pizza Hut), the defendants removed the action to this court, and the plaintiffs filed a motion to remand. On January 27, 2010, the district court denied this motion to remand.

Following conclusion of briefing on the issue of remand in the first case but before the district court denied his motion, plaintiffs' counsel began a shopping *spree* that if it concludes

1

today will have provided this court with the most extraordinary example of forum shopping it has ever encountered.

After the defendants removed the initial action and finished briefing on May 7, 2009, plaintiffs' counsel filed a second action in Leflore County Circuit Court on July 16, 2009. In this second action, plaintiffs' counsel named only NPC International, Inc. as a defendant but named as plaintiffs – along with Monique Doss and Nadia Harris again – Shavonda Gibbs, Rochell Childs, Darren Childs, Ladarius Johnson, Tamara Green, Darius West, Roger Hawkins, Takeera Johnson, Levan Harris, Joseph Doss, Tyneeta Doss, Brenda Childs, and Justin Childs. It is undisputed that this action as well as the additional actions discussed *infra* arise out of the same set of events. In this second action, the plaintiffs stated specifically in their complaint they were seeking "no more than $75,000 per named Plaintiff." However, the plaintiffs were seeking punitive damages and because a federal court considers punitive damages in the aggregate when considering whether it has subject matter jurisdiction, the defendants again removed the action. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1334 (5th Cir. 1995). On September 22, 2009, the court denied the plaintiffs' motion to remand. Plaintiffs' counsel was not deterred.

Incredibly, on October 5, 2009 – less than one month after the district court denied his motion to remand the second-filed action – plaintiffs' counsel filed a third action, this one in the County Court of Leflore County. This time plaintiffs' counsel named NPC as the defendant and only Kimeyatter Pointer, "a minor by and through Nancy Pointer as next of kin and natural guardian" as the plaintiff. In this third action, plaintiffs' counsel omitted any plea for punitive damages and pled specifically the amount sought as "no more than $75,000, exclusive of interest and costs." Plaintiffs' counsel went a step further this time and added: "Plaintiff avers that the

amount in controversy does not meet the minimum jurisdictional amount for federal jurisdiction." After plaintiffs' counsel filed this third action, defense counsel deposed the plaintiff who stated she believed her claim had a value of more than $75,000, and thus the defendant removed the action to this court. On March 19, 2010, the district court denied the plaintiffs' motion to remand.

Also on October 5, plaintiffs' counsel filed a fourth action. Again, all of these actions address precisely the same set of allegations. This fourth-filed action named NPC as the defendant, and this time named the same plaintiffs as those named in the second-filed action. That is, plaintiffs' counsel named Monique Doss and Nadia Harris – for a third time – along with Shavonda Gibbs, Rochell Childs, Darren Childs, Ladarius Johnson, Tamara Green, Darius West, Roger Hawkins, Takeera Johnson, Levan Harris, Joseph Doss, Tyneeta Doss, and Justin Childs (now by and through his mother). This action also included as new plaintiffs Nancy Pointer, Mishay Hampton, and Tarmeisha Hampton. In this fourth-filed action as with the third-filed action, plaintiffs' counsel eschewed punitive damages and sought no more than "$75,000 in damages per named Plaintiff." Also, the fourth-filed complaint provided: "Plaintiffs aver that the amount in controversy does not meet the minimum jurisdictional amount for federal jurisdiction." And again – many of the plaintiffs testified in depositions that they believed their claims had a value of more than $75,000. Consequently, the defendant removed the fourth-filed action to this court, and on March 19, 2010, the district court denied the plaintiffs' motion to remand.

Finally (as of today) on January 22, 2010, plaintiffs' counsel filed a fifth action in the Leflore County Circuit Court. In the fifth-filed action, the plaintiff named NPC as a defendant but has returned to name Shane Brown again, a manager of the Greenwood Pizza Hut named in the first-filed action. The defendants removed this fifth-filed action, arguing Shane Brown had been

3

improperly joined. On April 29, 2010, the district court denied the plaintiffs' fifth motion to remand.

Because defense counsel has been forced to remove five actions and respond to five separate motions to remand, and because defense counsel has been forced to file numerous motions to consolidate actions that should never have been filed as separate actions, they now file for sanctions and attorney's fees directly caused by plaintiffs' counsel's actions.

## II. DISCUSSION

While there are no specific rules prohibiting forum shopping, it is certainly not a procedural tactic discussed in polite company or in an open forum. The court is aware, however, that virtually every plaintiff is forum shopping when he files his action. He is certainly constrained by jurisdiction and venue, but even after those considerations have been addressed there are often several options. A decision among these various options – while technically forum shopping – is not only appropriate but unavoidable. The court is equally aware that defendants removing actions to federal court are likewise practicing a form of forum shopping, and this conduct is not only appropriate but almost expected in many instances. *See, e.g., In re Volkswagen of America, Inc.*, 545 F.3d 304, 321 (5th Cir. 2008) (describing "aspersions . . . often cast on plaintiffs' 'forum shopping' frequently cast by defendants also 'forum shopping'"). These realities do not, however, exist to condone behavior exhibited by plaintiffs' counsel in the present action. Notwithstanding the previous explanation, forum shopping in many instances is not favored. It is not *allowed* when it causes the court and counsel opposite to expend time and energy when such an expense is wholly unnecessary. Rule 11 provides in pertinent part:

> By presenting to the court a pleading, written motion, or other paper –
> whether by signing, filing, submitting, or later advocating it – an
> attorney or unrepresented party certifies that to the best of the person's

> knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). In other words, when an attorney submits to the court a pleading, he certifies that it is not presented for an improper purpose such as "needlessly increas[ing] the cost of litigation." *Id.* Rule 11 also allows a court, after notice and an opportunity to respond, to impose "an appropriate sanction" on a party for violating Rule 11(b). Fed. R. Civ. P. 11(c). Such sanctions are limited by the Rule to whatever sufficiently deters the offensive conduct, but may include orders to pay attorney's fees and other expenses. As mandated by Rule 11(c)(3), the court entered a show cause order on May 4, 2010, and plaintiffs' counsel has now responded.

Here, plaintiffs' counsel argues essentially that he should not be sanctioned because he "acted reasonably under the circumstances." Relying largely on the "snapshot rule," plaintiffs' counsel explains that "once the attorney has signed a pleading, his or her obligation under Rule 11 has ended as to that pleading, and a *new* obligation under Rule 11 commences with the signing of the next pleading." *See Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 874 (5th Cir. 1988) (discussing "snapshot rule"). He continues that his objective was to "file a cognizable claim, with

5

the signing of each Complaint" and that he "filed good faith claims under the circumstances." Counsel also contends the additional actions filed were "warranted by existing law." The court need not address whether the claims filed were "warranted," but the Fifth Circuit has made clear that filing a document for an improper purpose is not immunized from Rule 11 simply because it is well grounded in law and fact. *See F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 584 (5th Cir. 2008). Indeed, the case can be made that filing excessive actions, for example, even if each is "well grounded" may, under some circumstances, constitute harassment, sanctionable under the Rule. *Maxxam*, 523 F.3d at 584. "Although a district court is not to read an ulterior motive into a document 'well grounded in fact and law,' it may do so in exceptional cases . . . where the improper purpose is objectively ascertainable." *Whitehead v. Food Maxx of Mississippi*, 332 F.3d 796, 805 (5th Cir. 2003) (citing *Sheets v. Yamaha Motor Corp.*, 891 F.2d 533, 537-38 (5th Cir. 1990)).

In the present case, plaintiffs' counsel's improper purpose is "objectively ascertainable." In ascertaining this purpose, the court looks to determine whether counsel would have acted as he did in the absence of the improper purpose. *Maxxam*, 523 F.3d at 585. In other words, assuming plaintiffs' counsel was ambivalent as to trying his case in state or federal court, would he have continued to file separate actions in state court each time defense counsel removed the previous one? Certainly not. The court does not shy away from the very clear reality that plaintiffs' counsel acted as he did clearly in an effort to force the defendants into what he saw as a more plaintiff-friendly venue. While plaintiffs' counsel attempted to proceed as if he believed the federal court was without jurisdiction, his clients' depositions showed otherwise, and surely he knew that. Similarly, his final argument in the fifth-filed action that Shawn Brown was an appropriate

6

defendant had already been tried in the first-filed action and removed.  Counsel certainly knew this fifth-filed action would be removed as well.  The court denied the motion to remand in the first-filed action just five days after he filed the fifth action in state court.

Without question, such actions needlessly increased the cost of the present litigation.  Counsel knew with certainty that his actions would be removed, and his numerous attempts met precisely that fate.  Such behavior will not be tolerated.  Accordingly, the court finds once the defendants removed the initial action plaintiffs' counsel was under an obligation to abide by Rule 11, and his actions were inconsistent with both that Rule as well as the general rule of priority jurisdiction discussed at length in the defendants' motion for sanctions.  Once additional plaintiffs appeared at counsels' office, he had only to move to amend his complaint, with permission to do so being freely given.  Fed. R. Civ. P. 15(a)(2).  Because the court finds such behavior is in direct violation of Rule 11(b), sanctions are appropriate.

IT IS, THEREFORE, ORDERED that pursuant to Rule 11(c)(4), plaintiff's counsel will pay to the defendants the reasonable expenses, including attorney's fees, caused by his failure to comply with the rules of the court.  Defense counsel will provide to the court a detailed explanation of the costs, expenses, and fees incurred as a result of removing the four actions following the initial one; the responses to those four motions to remand; and the motions to consolidate.  This explanation will be due within thirty days of entry of this order.

SO ORDERED, this the 14th day of May, 2010.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE