IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MONIQUE DOSS and
NADIA HARRIS

VS.                                          CIVIL ACTION NO. 4:09CV38-MPM-DAS

NPC INTERNATIONAL, INC., ET AL.

## **ORDER**

This matter is before the court on motion of the defendant, NPC International, Inc., to strike the plaintiffs' expert witnesses (# 76). After considering the motion and the response thereto, the court finds as follows:

With its motion, the defendant argues the plaintiffs' experts should be stricken because the plaintiffs did not designate them properly as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. Specifically, Rule 26(a)(2)(B) provides that along with their designation, the plaintiffs must provide "a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case . . . ." It is undisputed that the plaintiffs designated three experts to provide expert testimony, but did not provide reports. In their response, the plaintiffs point out that the experts designated are not "retained," and thus no report is required. The court agrees. The rule makes it clear that reports mandated by Rule 26(a)(2)(B) are required only of those experts "retained or specially employed." However, the local rule requires at least some explanation concerning the designated experts' testimony.

Local Rule 26(a)(2)(D) provides:

> A party must designate physicians and other witnesses who are not

retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703 or 705, and a *summary of the facts and opinions* to which the witness is expected to testify. The party must also supplement initial disclosures.

Loc. Civ. R. 26(a)(2)(D) (emphasis added).

In the present case, the plaintiffs submitted the names, background, and an extremely brief explanation described as "Subject Matter" for each designated expert. First, the plaintiffs designated Dr. Paul Byers, an epidemiologist with the Mississippi State Department of Health. As to his testimony, the plaintiffs provided only:

> It is expected that he will testify as to the evaluation he conducted regarding the condition of the Pizza Hut restaurant where Plaintiffs were dining and the symptoms Plaintiffs suffered immediately after dining at said restaurant. Further, it is anticipated that Dr. Byers will respond to any opinions offered by any of Defendants' experts, designated or not, or the testimony of any witness called at trial, by any party, or deposed during discovery, whether called to testify at trial or not, within the area and field of his expertise.

The plaintiffs also designated Nicole Guice with the Mississippi State Department of Health and provided an almost verbatim summary:

> It is expected that she will testify as to the evaluation and inspection she conducted of the Pizza Hut restaurant located at 1313 W. Park Avenue in Greenwood, Mississippi, which is the location of the subject incident. Further it is anticipated that Guice will respond to any opinions offered by any of Defendants' experts, designated or not, or the testimony of any witness called at trial, by any party, or deposed during discovery, whether called to testify at trial or not, within the area and field of her expertise.

Clearly, neither designation comports even remotely with the mandates of the local rule. Nowhere within either of the summaries do the plaintiffs provide any facts *at all* related to either

2

Byers' or Guice's inspection of the restaurant. What areas of the restaurant did they inspect? When did they make their inspections? What did they find? Moreover, what opinions did they form? Expert testimony is specifically allowed and treated differently precisely because experts offer opinions rather than simply providing facts. *See United States v. Willey* 57 F.3d 1374, 1389 (5th Cir. 1995) (defining experts as those who draw appropriate inferences from facts in evidence). With the designation of Byers and Guice, there is no explanation concerning their opinions whatsoever. The court appreciates that the local rule requires only a "summary" of the facts and opinions held, but the plaintiffs have provided nothing at all. Accordingly, the defendant's motion to strike Dr. Paul Byers and Nicole Guice will be granted.

The final expert designated by the plaintiffs is Dr. Paula J. Spence-Evans, the emergency room physician who treated the plaintiffs following the alleged incident at the Pizza Hut. Again, the plaintiffs' designation is woefully inadequate. The plaintiffs provide:

> It is expected she will testify as to the treatment she provided to the Plaintiffs as a result of their injuries after eating at the Pizza Hut restaurant in Greenwood, Mississippi. Further it is anticipated that Dr. Spence-Evans will respond to any opinions offered by any of Defendants' experts, designated or not, or the testimony of any witness called at trial, by any party, or deposed during discovery, whether called to testify at trial or not, within the area and field of her expertise.

Unlike the designations of Byers and Guice, however, the plaintiffs provided an additional paragraph with Dr. Spence-Evans designation entitled "Substance of the Facts and Opinions." That section provides:

> Dr. Spence-Evans' specific opinions relate to (1) the Plaintiffs' medical condition prior to their illness, (2) treatment following their illness, (3) treatment as a result of their illness, and (4) whether Plaintiffs' consumption of the food caused or significantly

> contributed to their illness and complaints. The specific opinions
> relative to the Plaintiffs' illness are contained in the medical records.
> Dr. Spence-Evans reserves the right to supplement her report should
> additional information become available.

At the outset, the court notes this additional section of Dr. Spence-Evans' designation makes it clear the plaintiffs were aware that facts and opinions must be provided. Nevertheless, it is clear this designation fails as well. As with the designations of Byers and Guice, there are no facts provided at all. It appears that Dr. Spence-Evans treated the plaintiffs, but there is nothing provided related to that treatment. And while the final section was entitled "Substance of the Facts and Opinions," a cursory glance makes it clear that is not what is provided at all. The rule mandates *opinions* – not the subject matter of opinions. A designation is not sufficient when it provides that Dr. Spence-Evans will testify as to *whether* Plaintiffs' consumption of the food caused or significantly contributed to their illness and complaints. An opinion would be that consumption *did* or *did not* contribute to their illness and complaints.

Additionally, defense counsel points out that nowhere in Dr. Spence-Evans' report does she opine as to whether the plaintiffs suffered from food poisoning. Whether the report may be interpreted to provide such information or not will be left to the discretion of the district judge. The magistrate judge is left to determine the sufficiency of the form of the designation itself, and the court finds it insufficient. However, the court is aware that Dr. Spence-Evans' reports have been produced to the defendant. Consequently, Dr. Spence-Evans will be allowed to testify to information provided in her report, but her testimony will be limited to that information alone. *See, e.g., Duke v. Lowe's Home Ctrs., Inc.,* 2007 W.L. 3094894, at *1 (N.D. Miss. Oct. 19, 2007) (concluding that without expert report, treating physician's testimony was "limited to those facts

and opinions contained in [the] medical records").

IT IS, THEREFORE, ORDERED that the defendant's motion to strike the plaintiffs' expert witnesses (# 76) is hereby GRANTED IN PART AND DENIED IN PART. The designations of Dr. Paul Byers and Nicole Guice did not comport with Local Rule 26, and thus, their testimony will be stricken. Dr. Paula J. Spence-Evans' testimony will be limited to only that provided in her reports.

SO ORDERED, this the 20th day of July 2010.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE