**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MONIQUE DOSS, et al.** **PLAINTIFFS**

**V.** **CASE NO. 4:09CV38**
**4:09CV76**
**4:10CV02**
**4:10CV03**
**4:10CV17**

**NPC INTERNATIONAL, INC.
A&D MANAGEMENT CO., LLC
SHANE BROWN** **DEFENDANTS**

**ORDER**

This cause comes before the court on the objection to Magistrate Judge Sanders sanctions order against attorneys, Carlos E. Moore and Juan T. Williams.

Plaintiffs allege that on January 18, 2009 they contracted food poisoning at the Greenwood Pizza Hut. Plaintiffs, Monique Doss and Nadia Harris, filed an action against defendants, NPC International, Inc. ("NPC"), A & D Management Company, LLC ("A & D"), and Shane Brown, in the Leflore County Circuit Court. NPC is a foreign corporation. It removed this action to federal court arguing that Mississippi residents, A & D and Brown, were improperly joined.

Before this court could rule on the motion to remand filed by Doss and Harris, plaintiffs' counsel filed a second action in Leflore County Circuit Court. This second suit was again on behalf of Doss and Harris as well as Shavonda Gibbs, Rochell Childs, Darren Childs, Ladarius Johnson, Tamara Green, Darius West, Roger Hawkins, Takeera Johnson, Levan Harris, Joseph Doss, Tyneeta Doss, Brenda Childs, and Justin Childs. That complaint named only NPC as a

defendant, and stipulated the plaintiffs sought no more that $75,000 actual damages each. However, plaintiffs also sought punitive damages. NPC removed this complaint to federal court arguing that the punitive damage request met the requirements for federal jurisdiction.

District Judge Pepper found the second filed case met the requirements for federal jurisdiction. Plaintiffs then filed a third and fourth action against NPC in County Court of Leflore County. The third cause of action was on the behalf of Kimeyatter Pointer. That complaint did not seek punitive damages and asked for a recovery below the $75,000 federal jurisdictional requirement. However, a deposition taken in that matter showed Pointer actually believed her claim to be worth more than $75,000. NPC subsequently removed that case.

The fourth cause of action made the same assertions as the third. It was filed against NPC on behalf of the same plaintiffs as the second cause of action except for the exclusion of Brenda Childs and the addition of Nancy Pointer, Mishay Hampton, and Tarmeisha Hampton. The depositions taken in this matter showed some plaintiffs believed their claims to be worth more than $75,000. NPC removed this action.

Plaintiffs' attorneys filed a fifth action in Leflore County Circuit court on behalf of all previous plaintiffs. This action named NPC as a defendant and returned to the practice of naming Brown as a defendant as well. NPC removed this action to federal court.

As these cases were assigned to different district judges, this court along with Judge Pepper and Judge Aycock all found federal jurisdiction existed in the separately filed cases. The cases were then consolidated as they involved the same plaintiffs, defendant, and facts.

Once the jurisdictional issues were decided Magistrate Judge Sanders ordered plaintiffs' attorneys to show cause as to why they should not be sanctioned for their conduct. Judge Sanders order stated he was considering sanctions "[b]ecause defense counsel has been forced to

remove five actions and respond to five separate motions to remand, and because the court has expended significant time and resources addressing these motions."

Plaintiffs responded to the show cause order. Stating that "plaintiffs' counsel's improper purpose is "objectively ascertainable," Judge Sanders found sanctions under Federal Rule of Civil Procedure 11 warranted.

District Courts review a non-dispositive order of a Magistrate Judge for a clearly erroneous finding or a holding that is contrary to law. Fed. R. Civ. P. 72(a).

Counsel raises five objections to Judge Sanders' decision: (1) there was not sufficient evidence for Judge Sanders to reach his factual conclusions under the clear and convincing standard; (2) there was no proof of subjective bad faith; (3) the Magistrate Judge failed to consider the "snapshot rule;" (4) the court had no jurisdiction over the attorneys at the time of their alleged bad acts; and, (5) the sanctions ordered by the Magistrate Judge are not authorized by Federal Rule of Civil Procedure 11.

Federal Rule of Civil Procedure 11(b) states:

(b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Judge Sanders found the final four filings in this matter as "needlessly increas[ing] the cost of litigation." *See* Fed. R. Civ. P. 11(b)(1). He found reasonable counsel would not have continued to file these state court actions.

The first objection raised is that there is not sufficient evidence to support Judge Sanders' finding. Plaintiffs' counsel argue that sanctions are only appropriate where there exists clear and convincing evidence. Counsel cites *Bryant v. Military Department of Mississippi* for that proposition. 597 F.3d 678 (5th Cir. 2010). However, that is not the holding of *Bryant*. The section of that case counsel relies on actually states:

> Sanctions under 28 U.S.C. § 1927 are punitive in nature and require 'clear and convincing evidence, that *every facet* of the litigation was patently meritless' and 'evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.' Such sanctions may only be awarded if a party 'multiplies the proceedings . . . unreasonably and vexatiously,' a standard that focuses on the conduct of the litigation and not on the merits. In our review of the record, we see nothing to suggest- let alone clear and convincing evidence-that sanctions would be appropriate under this standard. And, while Rule 11 has a lower standard of culpability than § 1927, 'an abuse of discretion only occurs where no reasonable person could take the view adopted by the trial court.'

597 F.3d at 694 (internal citations omitted) (emphasis in original).[1] Thus the part of the opinion quoted by plaintiffs' counsel applies only to sanctions under § 1927 and not those imposed under Rule 11. The Fifth Circuit has held findings under Rule 11 should not be reversed unless "no reasonable person could take the view adopted by the [fact finding] court. *Id*. (citing *Berqquist v. FyBX Corp.*, 108 Fed. Appx. 903, 904 (5th Cir. 2004)).

Plaintiffs' attorneys make no argument that the proper standard could not be met. Instead they rely on a standard that is inapplicable.

---

[1] The court assumes that even though counsel cites this clear and convincing standard in bold and underlined type it made a mistake in trying to apply it to Rule 11 and did not purposefully mislead the court.

The second objection raised by plaintiffs is that Judge Sanders decision was subjective instead of objective. The standard imposed by Rule 11 is one of objective reasonableness. *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 581 (5th Cir. 2008) (citing *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 802 (5th Cir. 2003)).

The argument made by plaintiffs, however, is based on an incorrect interpretation of the Fifth Circuit's use of the terms "objective" and "subjective." Plaintiffs' attorneys argue their intention's were not improper and their actions were not in bad faith.[2] Plaintiff's attorneys argue their "intentions were to bring about the greatest amount of justice to the greatest number of people, and their actions of filing additional claims reflect that."

However, in this context intent is irrelevant. *Id.* at 577. Instead the "objective" standard in this context is one of reasonableness. *Id*. "Rule [11] was amended [to require an objective finding] 'precisely because the subjective bad-faith standard was difficult to establish and courts were therefore reluctant to invoke it.'" *Id*. (citing *Chambers v. NASCO*, 501 U.S. 32, 47 n. 11 (1991)); *see also Nemeroff v. Abelson*, 620 F.2d 339 (2d Cir. 1980) (Holing Rule 11 is designed to trigger violations broader than just those in which an attorney acted with bad faith). Under Rule 11 as presently constructed the proper finding is whether a reasonable attorney would have taken the actions in question. *Id*. at 581 (citing *Whitehead*, 332 F.3d at 802).

Thus even if the attorneys believed they were doing the right thing, they are still subject to sanction because a minimally competent attorney would have known the actions taken were unreasonable. Judge Sanders found that the conduct of the attorneys was outside the bounds of how a reasonable minimally competent attorney would act. That is the correct finding in

---

[2] Counsel appears to rely on Chaves v. M/V Medina Star, 47 F.3d 153 (5th Cir. 1995) for this proposition. However, *Chaves* deals with the inherent power of the court to sanction attorneys not with sanctions proper under Rule 11. *Id*. at 156.

determining is sanctions are warranted.

The next objection is that the Judge Sanders failed to consider the 'snapshot rule' in making his decision. The snapshot rule requires a court considering Rule 11 sanctions to focus only on reasonableness of an attorney's conduct at the time that his signature is placed on a pleading. *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 874 (5th Cir. 1988) (en banc). This rule protects attorneys from having a continuing obligation to review previous filings. *Id*. at 874 n.9. Thus the snapshot rule eliminates the need to withdraw pleadings that are no longer valid as new information comes to light. However, the snapshot rule does not prohibit a court from considering a series of filings that "may indicate a pattern of attorney conduct of some consequence." *Id*. at 875. Nor does the rule prohibit courts from judging pleadings in light of their context. *Id*. at 874-75. The snapshot taken is not simply of the pleading, but of the entirety of the litigation at the time the pleading is signed.

Judge Sanders considered counsel's reliance on the 'snapshot rule' citing *Thomas*. There is no rule that requires a detailed discussion of legal standard in entering a decision. Judge Sanders order makes it clear he considered the correct standard making this objection meritless.

Plaintiff's attorneys next argues the court lacked jurisdiction over them at the time they signed the pleadings. Counsel offers no citation for this argument. Further it is obvious that this court has jurisdiction over plaintiffs' counsel. Three different district judges have ruled that jurisdiction exists over the instant cases.

Additionally, even if the court did not have jurisdiction over the attorneys at the time the pleadings were filed, it has obtained jurisdiction at this point. *See* 28 U.S.C. § 1441. The attorneys were on notice that this court would have jurisdiction as the first case had already been

removed at the time of the additional filings.[3] Further Mississippi state courts impose the same duties as those imposed by federal courts under Mississippi's substantially similar Rule 11. Miss. R. Civ. P. 11; *Tricon Metals & Services, Inc. v. Topp*, 537 So.2d 1331, 1334-35 (Miss. 1989) (explaining the duty to act reasonably under Miss. R. Civ. P. 11). This court has the authority to enforce those obligations.

Finally, counsel argues that the sanctions ordered by Judge Sanders are not available under Rule 11. Specifically counsel argues attorney's fees are not available when imposed *sua sponte*. The text of Rule 11 and Fifth Circuit precedent make clear this is legally correct. Fed. R. Civ. P. 11(c)(4) *Brunig v. Clark*, 560 F.3d 292, 298 (5th Cir. 2009). Rule 11 does not permit a court to grant attorney's fees as part of a *sua sponte* sanction.

An award of attorney's fees under the instant circumstances was clearly erroneous. The court will reverse and remand on this point so that the Magistrate Judge may determine an appropriate sanction.

While not clearly raised by counsel's objection, there is an implied question of the propriety of Judge Sanders' fact finding. The strongest argument on this front is that because the multiple pleadings did not involve the same parties they should not be considered as part of a large picture, but instead the reasonableness of each filing should be considered only in the context of that individual filing.

---

[3] Counsel attempts to argue they were unaware these actions could be removed because of affidavits submitted by some of the plaintiffs that their claims were worth less than $75,000. However, in no action did counsel have affidavits from all plaintiffs. Additionally, depositions showed that at least some plaintiffs did not actually believe the assertions put forth in their affidavits. Plaintiffs' counsel prepared those either false or misleading affidavits and a reasonable attorney would have known the truth about information contained in an affidavit he prepared. Counsel also relies on an affidavit from a NPC employee alleging Brown was negligent in training Pizza Hut employees. Their argument is that as an in-state resident Brown's presence in the suit defeats diversity jurisdiction. Of course as Judge Aycock ruled counsel could not point to any authority showing Brown owed a duty to the plaintiffs.

Counsel supports this argument by citation to *United States v. Haytian Republic*, 154 U.S. 118 (1894). That case stands for the principle that two suits involving the same parties are proper in two different jurisdictions where the underlying facts are not the same and are clearly distinct. *Id*. at 124-25. The test laid out by *Haytian Republic* "for the purpose of determining whether or not the causes of action should have been joined in one suit is whether the evidence necessary to prove one cause of action would establish the other." *Id*. at 125 (citing *Crips v. Talvande*, 20 S.C.L. (4 McCord) (S.C. Ct. App. 1826)).

Applying this principle it is obvious that the facts underlying suit 1, 2, 4, and 5 had to be joined in one action. Each of these suits deals with the same underlying facts. The allegation in each is that food prepared by Pizza Hut gave food poisoning to the plaintiffs. Further the four linked suits each contain at least some of the same plaintiffs. For instance each of these suits named Monique Doss and Nadia Harris.[4] No reasonable attorney could believe four suits alleging these two ladies got food poisoning from Pizza Hut on a certain date could all be permissible. Thus the filing of the suits 2, 4, and 5 is sanctionable.

However, the court agrees with counsels' assertion that filing the third suit should not have been sanctionable. This suit was brought only on behalf of Kimeyatter Pointer. At that time Pointer was not a party to any of the other actions. Neither *Haytian Republic* nor any other rule require distinct plaintiffs to bring their suits in one action. Even though suits based on the same underlying facts had already been initiated Pointer had the right to bring her own suit. Such a filing might have been a waste of time considering the likliehood that action would be removed to federal court and consolidated with the previously filed suits, but it was not impermissible.

---

[4] There are of course a rotating cast of plaintiffs, but no purpose could be served in the court writing on all the connections between these suits.

The court finds sanctions based on the filing of Pointer's suit to be clearly erroneous. The court will reverse and remand on this point.

Judge Sanders' was correct in awarding sanctions. However, the sanctions themselves were clearly erroneous. An award of attorney's fees under this circumstance is prohibited. Further the court finds it was clearly erroneous to consider the initial suit filed on behalf of Pointer to be objectively unreasonable in light of the circumstances at the time the complaint was signed. The court REVERSES and REMANDS for determination of what sanctions are appropriate.

This the 29th day of July, 2010.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**