**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**MONIQUE DOSS, et al.**                                                                      **PLAINTIFFS**

**V.**                                                                                      **CASE NO. 4:09CV38**
                                                                                                  **4:09CV76**
                                                                                                  **4:10CV02**
                                                                                                   **4:10CV03**
                                                                                                  **4:10CV17**

**NPC INTERNATIONAL, INC.**
**A&D MANAGEMENT CO., LLC**
**SHANE BROWN**                                                                   **DEFENDANTS**

## ORDER

This cause comes before the court on the objection **[110]** to Magistrate Judge Sanders' sanctions order against attorneys Carlos E. Moore and Juan T. Williams, entered on September 22, 2010.

Plaintiffs allege that on January 18, 2009 they contracted food poisoning at the Greenwood Pizza Hut. Plaintiffs, Monique Doss and Nadia Harris, filed an action against defendants, NPC International, Inc. ("NPC"), A & D Management Company, LLC ("A & D"), and Shane Brown, in the Leflore County Circuit Court. NPC is a foreign corporation. It removed this action to federal court arguing that Mississippi residents, A & D and Brown, were improperly joined.

Before this court could rule on the motion to remand filed by Doss and Harris, plaintiffs' counsel filed a second action in Leflore County Circuit Court. This second suit was again on behalf of Doss and Harris as well as Shavonda Gibbs, Rochell Childs, Darren Childs, Ladarius Johnson, Tamara Green, Darius West, Roger Hawkins, Takeera Johnson, Levan Harris, Joseph

Doss, Tyneeta Doss, Brenda Childs, and Justin Childs. That complaint named only NPC as a defendant, and stipulated the plaintiffs sought no more that $75,000 actual damages each. However, plaintiffs also sought punitive damages. NPC removed this complaint to federal court arguing that the punitive damage request met the requirements for federal jurisdiction.

District Judge Pepper found the second filed case met the requirements for federal jurisdiction. Plaintiffs then filed a third and fourth action against NPC in County Court of Leflore County. The third cause of action was on the behalf of Kimeyatter Pointer. That complaint did not seek punitive damages and asked for a recovery below the $75,000 federal jurisdictional requirement. However, a deposition taken in that matter showed Pointer actually believed her claim to be worth more than $75,000. NPC subsequently removed that case.

The fourth cause of action made the same assertions as the third. It was filed against NPC on behalf of the same plaintiffs as the second cause of action except for the exclusion of Brenda Childs and the addition of Nancy Pointer, Mishay Hampton, and Tarmeisha Hampton. The depositions taken in this matter showed some plaintiffs believed their claims to be worth more than $75,000. NPC removed this action.

Plaintiffs' attorneys filed a fifth action in Leflore County Circuit court on behalf of all previous plaintiffs. This action named NPC as a defendant and returned to the practice of naming Brown as a defendant as well. NPC removed this action to federal court.

As these cases were assigned to different district judges, this court along with Judge Pepper and Judge Aycock all found federal jurisdiction existed in the separately filed cases. The cases were then consolidated as they involved the same plaintiffs, defendant, and facts.

Once the jurisdictional issues were decided Magistrate Judge Sanders ordered plaintiffs' attorneys to show cause as to why they should not be sanctioned for their conduct. Judge

Sanders' order stated he was considering sanctions "[b]ecause defense counsel has been forced to remove five actions and respond to five separate motions to remand, and because the court has expended significant time and resources addressing these motions."

Plaintiffs responded to the show cause order. Stating that "plaintiffs' counsel's improper purpose is objectively ascertainable," Judge Sanders found sanctions under Federal Rule of Civil Procedure 11 warranted. This court reversed the award of attorney's fees and remanded to the Magistrate Judge for a determination of appropriate sanctions. Judge Sanders ordered monetary sanctions in the amount of $5,000.00 to be paid by Plaintiff's counsel by October 4, 2010.

District Courts review a non-dispositive order of a Magistrate Judge for a clearly erroneous finding or a holding that is contrary to law. Fed. R. Civ. P. 72(a).

This court agreed that sanctions were warranted for the filing of three cases in state court, given that a reasonable attorney could not believe four suits alleging these two ladies got food poisoning from Pizza Hut on a certain date could all be permissible. Plaintiff's counsel argue that this behavior amounted to mere negligence, and thus did not warrant monetary sanctions. Judge Sanders recognized in his determination that his order of sanctions must be "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). However, there is no bright-line rule in deciding what type of sanctions are appropriate for the improper behavior. Instead, the court should consider:

> [w]hether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants . . . .

Fed. R. Civ. P. 11 advisory committee's note (1993 Amendments).

The Magistrate Judge considered the matter and the actions in detail, as stated in his May 14, 2010 and September 22, 2010 orders. Further, "[t]he court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons." *Id*. Thus, the nature and amount of sanctions that the court ordered is not clearly erroneous and is not contrary to law.

Plaintiff's attorneys have asserted that the court-ordered amount would be a financial hardship on them and their legal practice. The attorneys further allege that the amount could prevent further access to this court for the parties they represent. If a litigant contends that a monetary sanction award precludes access to the court, the district judge must either (1) provide that the sanction is payable only at a date that coincides with or follows entry of a final order terminating the litigation; or (2) make express written findings, after a prompt hearing, as to why the award does not have such a preclusive effect. *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 883, n.23 (5th Cir. 1988). Plaintiffs should not bear hardship by way of a potential barrier in proceeding with this cause. Thus, Plaintiff's counsel will not be required to pay the sanction amount until the fifth day following the date on which a final order terminating this litigation is entered.

Judge Sanders thoroughly considered the facts and actions warranting sanctions and arrived at a determination of an amount pursuant to the law. This amount is not clearly erroneous and sufficiently reflects the violations. The court **AFFIRMS** the order of sanctions in the amount of $5,000.00 to be paid by Plaintiff's counsel and **REVERSES** the ordered date of

payment. Plaintiff's counsel must tender $5,000.00 on the fifth day following the date of entry of a final order terminating this litigation.

This the 7th day of October, 2010.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**